UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTOBAL NOVAS APOLONIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00510 |
| | § | |
| JOSHUA JOHNSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Christobal Novas Apolonio, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. Respondents have filed a response and motion for summary judgment. Doc. No. 5. Petitioner has not filed a reply in opposition, and his time to do so has passed.

The undisputed facts in the record show that Petitioner entered the United States unlawfully, entering without inspection and without having been admitted or paroled. Doc. No. 5 at 2. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute.

1 / 2

Petitioner's arguments regarding sections 1225 and 1226 are foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. Feb. 6, 2026). His arguments regarding the class action in *Maldonado Bautista v. Santacruz,* --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), similarly fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, at *8-12. Likewise, his Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion for summary judgment (Doc. No. 5) is **GRANTED**.

3. This case is **DISMISSED without prejudice**.

4. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this __23rd__ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2